IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | | |
|---|---|---|
| JON BLONDELL, PAUL HARRINGTON, TIMOTHY JOHNSON, STEPHANIE LOWE, F/K/A STEPHANIE MARIE, CHASTITY MARIE, AND CLAYTON PRITCHARD, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS, | § § § § § § § § § | |
| Plaintiffs, | § § § | CIVIL ACTION NO. 1:17-cv-00372 RRM-RML |
| v. | § § | |
| BRUCE BOUTON, DUNCAN CRABTREE-IRELAND, AUGUSTINO GAGLIARDI, RAYMOND M. HAIR, JR., JON JOYCE, AND STEFANIE TAUB, | § § § § § § § | |
| Defendants. | § § | |

## REPORT OF PARTIES' SCHEDULING CONFERENCE

Plaintiffs and Defendants (collectively, the "Parties"), hereby jointly submit this Report of Parties' Scheduling Conference in response to the Court's order of May 23, 2017, directing the Parties to file a proposed scheduling order by June 2, 2017.

The Parties have conferred and agreed on many scheduling deadlines through a ruling on class certification, but they have not been able to come to agreement on enough issues to be able to submit a final proposed scheduling order. Where there are disagreements, the Parties briefly set forth the bases for their respective positions below.

The Parties have not set any deadlines regarding Defendants' filing of a motion to dismiss and related briefing because the Court has not ruled upon Defendants' request for a pre-

motion conference regarding same. The Parties expect that they can agree upon a briefing schedule on a motion to dismiss if necessary.

The Parties request that the Court rule upon the disputed issues, and after that ruling, the Parties will submit a final proposed scheduling order for entry.

## Proposed Scheduling Order Provisions

1. <u>Scope of Scheduling Order</u>. The Parties propose the Court only enter at this time a Scheduling Order taking the case through a class certification ruling. This is because the schedule after such a ruling will likely vary significantly depending upon whether this case will proceed as a class or individual case. Within 30 days of their receipt of a class certification ruling, the Parties will submit a proposed scheduling order to take the case through trial.

2. <u>Written Discovery</u>. Written discovery may commence immediately. The Parties shall not be required to produce documents until confidentiality/protective and electronically stored information ("ESI") orders have been entered. The Parties shall not be required to answer any interrogatory which would result in the disclosure of confidential information until a confidentiality/protective order has been entered.

3. <u>ESI Order</u>. The Parties shall submit an agreed proposed ESI Order or competing proposals and a red-line comparison of those proposals by July 7, 2017.

4. <u>Protective Order</u>. The Parties shall submit an agreed proposed Confidentiality/Protective Order or competing proposals and a red-line comparison of those proposals by July 7, 2017.

5. <u>Rule 26(a)(1) Disclosures</u>. The Parties shall serve Rule 26(a)(1) disclosures, including Local Civil Rule 26.1 disclosures, by July 17, 2017.

6. <u>Depositions</u>. Plaintiffs propose that depositions may commence on August 1, 2017, while Defendants contend that depositions should not commence until after a ruling on the motion to dismiss they intend to file.

<u>Basis for Plaintiffs' Position</u>. Plaintiffs believe that the Court's May 23, 2017 Order necessarily contemplated the commencement of all necessary discovery, including depositions, given that it requested the Parties to submit an agreed proposed scheduling order which normally would include deposition-related deadlines. Without a date certain upon which depositions will commence, it is impossible to set other key deadlines, including the deadlines for completion of discovery, for designation of experts and for the class certification briefing, since depositions must be completed before any such deadlines. For example, the Parties could not agree to a December 29, 2017 discovery completion deadline, as set forth below, without not knowing when depositions will begin. Entering a scheduling order without such deadlines would be a useless act. Furthermore, making the commencement of depositions contingent upon a ruling on a motion to dismiss is not reasonable because the Court has not ruled on Defendants' request for a pre-motion conference, there is no certainty when such a ruling will be made or even whether the Court will permit Defendants to file such a motion, and it is highly unlikely that such a motion would be granted if filed. Under the Trust Agreement, the Fund will indemnify the Defendants for any expenses they incur in connection with depositions.

<u>Basis for Defendants' Position</u>. The Magistrate's May 23, 2017 Order was clear that depositions should not yet be scheduled. The Order expressly stated that the parties should engage in "staged discovery" and that "[t]he parties may exchange interrogatories

and document requests, but shall not notice depositions at this time." The Defendants have sought leave to file a motion to dismiss, and expect that resolution of that motion will dispose of this case entirely, or at least substantially narrow the issues. Defendants are the unpaid Trustees of a non-profit organization. The time and costs associated with depositions will impose a substantial burden on Defendants, especially as the depositions are likely in various geographic locations. Consistent with the Magistrate's Order, Defendants believe depositions should not yet commence. Instead, depositions should begin only after the Court has ruled on the motion to dismiss. Despite Plaintiffs' position to the contrary, Defendants' position has not prevented the parties from agreeing on a proposed schedule for class certification and expert reports. Moreover, if those dates ultimately need to be extended to accommodate the timing of a ruling on the motion to dismiss, the parties and the Court can adjust them at that time.

7. <u>Join Additional Parties</u>. The deadline to join additional parties is October 2, 2017.

8. <u>Class Certification Discovery</u>. The deadline to complete discovery the Parties believe is necessary for class certification purposes is December 29, 2017.

9. <u>Plaintiffs' Expert Designations</u>. The deadline for Plaintiffs to designate experts pursuant to Rule 26(a)(2) for class certification purposes or to inform Defendants they are not designating any such experts is January 31, 2018.

10. <u>Depositions of Plaintiffs' Experts</u>. Plaintiffs shall make any designated experts available for deposition within 30 days of their designations.

11. <u>Defendants' Expert Designations</u>. The deadline for Defendants to designate experts pursuant to Rule 26(a)(2) for class certification purposes or to inform Plaintiffs they are

       not designating any such experts is 45 days after Plaintiffs have designated experts or informed Defendants they are not designating such experts.

12.   <u>Depositions of Defendants' Experts</u>.  Defendants shall make any designated experts available for deposition within 30 days of their designations.

13.   <u>Plaintiffs' Rebuttal Expert Designations</u>.  If Defendants have designated any experts, the deadline for Plaintiffs to designate rebuttal experts or to inform Defendants they are not designating any such experts is 45 days after Defendants' designations.

14.   <u>Depositions of Plaintiffs' Rebuttal Experts</u>.  Plaintiffs shall make rebuttal experts available for deposition within 30 days of their designations.

15.   <u>Motion for Class Certification</u>.  If Defendants did not designate experts for class certification purposes, the deadline for Plaintiffs to file their motion and memorandum in support for class certification and supporting materials is 30 days after Defendants informed Plaintiffs of same.  If Defendants did designate such experts, the deadline for Plaintiffs to file their motion and memorandum in support for class certification and supporting materials is 30 days after Plaintiffs have designated rebuttal experts or informed Defendants they are not designating such experts.

16.   <u>Response to Motion for Class Certification</u>.  The deadline for Defendants to file a memorandum in opposition to class certification and supporting materials is 30 days after Plaintiffs have filed their motion.

17.   <u>Plaintiffs' Reply in Support of Motion for Class Certification</u>.  The deadline for Plaintiffs to file a reply memorandum in support of class certification and supporting materials is 30 days after Defendants have filed their opposition.

18.   <u>Page Limitations for Class Certification Briefing</u>.

<u>Plaintiffs</u>:   Plaintiffs propose the following page limitations for class certification briefing: Plaintiffs' memorandum in support of motion for class certification – 30 pages; Defendants' memorandum in opposition to class certification – 40 pages; and Plaintiffs' reply memorandum in support of class certification – 40 pages.  Plaintiffs believe an expansion of the Court's page limitations is necessary considering the number and nature of the issues to be addressed in connection with class certification.  An expansion of the page limitations for Plaintiffs' reply brief is particularly warranted because they will not be aware of Defendants' argument against class certification until they receive Defendants' opposition, and Defendants are likely (based upon the experience of Plaintiffs' counsel) to make many arguments that Plaintiffs did not anticipate and address in their opening memorandum, many of which may be made in only a paragraph or even a single sentence, but which fairly will take Plaintiffs several pages of briefing to rebut.  In Plaintiffs' counsel's experience, the reply memorandum is often the key brief for this reason and reasonably requires a page limit at least equal in length to the memorandum in opposition.

<u>Defendants</u>:  Defendants do not believe it is necessary to expand the Court's page limits at this time, and that Plaintiffs' requested page limits are excessive.  Rather, Defendants believe that, at the time the briefing is due, if either party believes additional pages are needed, the party can seek leave from the Court at that time.  In particular, at this point, Defendants do not think that there is anything especially complex about this case that makes it likely that the parties will need additional pages, much less that Plaintiffs will require a reply brief 400% of the length specified by this Court's Individual Practices.

Respectfully submitted,

/s/ *Roger L. Mandel*
Roger L. Mandel (pro hac vice)
rlm@lhlaw.net
Bruce E. Bagelman (pro hac vice)
beb@lhlaw.net

LACKEY HERSHMAN, L.L.P.
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone:   (214) 560-2201
Telecopier:   (214) 560-2203

-and-

Kieran M. Corcoran
New York Bar No. 2699015
kmc@lhlaw.net

LACKEY HERSHMAN, L.L.P.
1325 Avenue of the Americas
27th Floor
New York, NY  10019
(t) (212) 763-8491
(f) (212) 763-8304

-and-

Eric Zukoski (pro hac vice)
ezukoski@qslwm.com
James H. Birch (pro hac vice)
jbirch@qslwm.com

QUILLING, SELANDER, LOWNDS, WINSLETT AND MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (facsimile)

ATTORNEYS FOR PLAINTIFFS

JON BLONDELL, PAUL HARRINGTON, TIMOTHY JOHNSON, STEPHANIE LOWE FKA STEPHANIE MARIE, CHASTITY MARIE, AND CLAYTON PRITCHARD, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS


*/s/ Jared O. Freedman*
Jared O. Freedman (pro hac vice)
jfreedman@jenner.com
Erica L. Ross (pro hac vice)
eross@jenner.com
JENNER & BLOCK LLP
1099 New York Avenue N.W.
Suite 900
Washington, D.C. 20001
Phone: 202-639-6000
Fax: 202-639-6066

ATTORNEYS FOR DEFENDANTS BRUCE BOUTON, DUNCAN CRABTREE-IRELAMDN, AUGUSTINO GAGLIARDI, RAYMOND M. HAIR, JR., JON JOYCE, AND STEFANIE TAUB

## CERTIFICATE OF SERVICE

  I hereby certify that on the 2nd day of June, 2017, a true and correct copy of the above and foregoing pleading was served via ECF and electronic mail upon all counsel of record.

          */s/ Roger L. Mandel*
           Roger L. Mandel