IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | |
|---|---|
| JON BLONDELL, PAUL HARRINGTON, TIMOTHY JOHNSON, STEPHANIE LOWE, F/K/A STEPHANIE MARIE, CHASTITY MARIE, AND CLAYTON PRITCHARD, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS,<br><br>    Plaintiffs,<br><br>v.<br><br>BRUCE BOUTON, DUNCAN CRABTREE-IRELAND, AUGUSTINO GAGLIARDI, RAYMOND M. HAIR, JR., JON JOYCE, AND STEFANIE TAUB,<br><br>    Defendants. | CIVIL ACTION NO. 1:17-cv-00372 RRM-RML |

**STIPULATED ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY**

Plaintiffs ("Plaintiffs") and Defendants ("Defendants" or "Trustees") have agreed to the entry of this Stipulated Order Governing Confidentiality of Discovery.

The Court finds that this Stipulated Order Governing Confidentiality of Discovery is necessary as a means of expediting discovery of documents and information, which may be relevant herein. The Court further finds that the subject of the Stipulated Order Governing Confidentiality of Discovery does not concern matters that would have a probable adverse effect upon the general public health or safety, or the administration of public office, or the operation of government.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that:

A.    **DEFINITIONS.**

1. "Action" refers to the above-numbered and styled cause.

2. "Discovery Materials" means all documents, things and information produced or provided in response to discovery requests or disclosure obligations in the Action.

3. "Requesting Party" is any party to this Action who, pursuant to the Federal Rules of Civil Procedure, requests and/or receives Discovery Materials from any other person.

4. "Providing Party" is any party to this Action who produces any Discovery Materials to a Requesting Party.

5. "Designating Party" is any party to this Action, pursuant to the terms of the Stipulated Order Governing Confidentiality of Discovery, who designates Discovery Materials as Confidential Discovery Materials. A party is a Designating Party only with respect to, and only to the extent of, those specific Discovery Materials that it has designated as Confidential Discovery Materials.

6. "Confidential Discovery Materials" means any type or category of non-public, confidential Discovery Materials that a Designating Party, acting in good faith, designates as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Stipulated Order Governing Confidentiality of Discovery, subject to the specific review by the Court on motion by any party. Copies, summaries or extracts of, and any references to such Confidential Discovery Materials in pleadings or other documents shall also constitute Confidential Discovery Materials. A Requesting Party may duplicate materials containing Confidential Discovery Materials using any means of duplication that is appropriate for the given medium, including photocopying, tape recording, scanning, imaging, photographing, printing, or computer disk copying, provided that every copy made by the Requesting Party is an exact and

**STIPULATED ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY** – Page 2

complete duplicate of the Requesting Party's original copy, including any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" stamps present on the materials.  To the extent that duplication of Confidential Discovery Materials does not automatically reproduce a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" stamp (for example, printing software source code or copying a CD), the corresponding "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" stamp must be applied to the duplicate media.

7. For purposes of this Stipulated Order Governing Confidentiality of Discovery, the Providing Party may designate the following as "Confidential Discovery Materials": all non-public information or matter that the Providing Party has not publicly disclosed, including, but not limited to: financial records or financial data; marketing or strategic plans; trade secrets; proprietary technical information and specifications; research, studies or analyses by internal or outside experts; and any other commercially or personally sensitive or proprietary information; or documents or information that a party reasonably believes would breach an express or implied agreement with any third party to maintain such information in confidence or would violate an independent obligation of confidentiality.  Except for documents or information disclosed wrongfully or in violation of any non-disclosure obligation, the term "Confidential Discovery Materials" shall not apply to any document or information to the extent that such document or information has been previously disclosed publicly or is otherwise available to the public from any public source, whether or not it bears a "CONFIDENTIAL" label.

8. "Qualified Persons" shall mean those individuals identified in paragraphs (B)(2)(a)-(g) and (B)(3)(a)-(d) of this Stipulated Order Governing Confidentiality of Discovery.

**B.     RESTRICTIONS ON ACCESS TO CONFIDENTIAL DISCOVERY MATERIALS.**

1.     <u>Permitted Uses</u>.  Confidential Discovery Materials shall be used only for the proper and legitimate purposes of preparing for trial and/or appeal of this Action, including, but not limited to, discovery, motion practice, depositions, hearings in this case and trial.  Confidential Discovery Materials shall not be used or disclosed in any manner other than permitted by this Stipulated Order Governing Confidentiality of Discovery, by further order of the Court, as may be expressly permitted in writing by all Designating Parties, or as may otherwise may be required by applicable law.  Confidential Discovery Materials shall not be used in any other legal proceeding or in any way that competes, directly or indirectly, with the business of a Designating Party.

2.     <u>Disclosure of CONFIDENTIAL Materials</u>.  Unless otherwise expressly agreed in writing by all Designating Parties, Confidential Discovery Materials marked "CONFIDENTIAL" may be disclosed only to the following persons and then only pursuant to the terms and conditions of this Stipulated Order Governing Confidentiality of Discovery:

   a)   The parties to this litigation and their officers, directors, partners, and employees to whom disclosure is reasonably necessary for the conduct of this case;

   b)   All attorneys retained or employed by the parties to this Action and their staff;

   c)   Any consultants and testifying experts retained by a party in this Action or the party's counsel, including employees and assistants working under the control of such experts or consultants;

   d)   Any independent firm rendering reproduction or litigation support services;

   e)   Any witness in the course of a deposition or transcribed proceeding who is otherwise allowed to review Confidential Materials; in the event that a party believes it is necessary to disclose particular Confidential Materials to a witness who is otherwise not allowed to review them, the parties will make a good faith effort to agree on limited disclosure of those particular Confidential Materials to the witness on a case by case basis, which will not otherwise waive the confidential designation of the materials; if the parties cannot agree, then the party seeking disclosure may follow the procedures in Paragraph B(13);

f) Any court reporter or other shorthand reporter or typist recording or transcribing testimony, the Court, any special master, any mediator, those employed by the Court, and a jury (if admissible), in which event the Confidential Discovery Materials shall be filed or otherwise handled pursuant to this Stipulated Order Governing Confidentiality of Discovery; and

g) Any persons as appear on the face of the document to be its author or a recipient provided that any marginalia which such persons may not have seen is redacted.

3. <u>Disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY Materials</u>. The CONFIDENTIAL – ATTORNEYS' EYES ONLY information is highly confidential and shall not be provided to anyone, including the parties in the lawsuit or their employees, officers, agents and representatives, except as follows:

a) Attorneys of record, and the employees of their law firm, including paralegals and the secretarial and clerical staffs;

b) Any third-party consulting experts and testifying expert witnesses whose areas of expertise in this case are related to the CONFIDENTIAL – ATTORNEYS' EYES ONLY information or for whom there is a written agreement by the Designating Party specifically authorizing a limited review of such CONFIDENTIAL – ATTORNEYS' EYES ONLY information or an order of the Court permitting disclosure of same;

c) Any independent firm rendering reproduction or litigation support services; and

d) Any court reporter or other shorthand reporter or typist recording or transcribing testimony, the Court, any special master, any mediator, those employed by the Court, and a jury (if admissible), in which event the Confidential Discovery Materials shall be filed or otherwise handled pursuant to this Stipulated Order Governing Confidentiality of Discovery.

4. <u>Binding Effect; Notice to Qualified Persons</u>. This Stipulated Order Governing Confidentiality of Discovery shall be binding on all parties to this Action and all Qualified Persons who have or are given notice hereof. The parties hereto shall have the obligation, prior to disclosing any Confidential Discovery Materials to any Qualified Person described in Paragraphs (B)(2) and (B)(3) above or to such person's legal or financial representatives, to make such person aware that a Stipulated Order Governing Confidentiality of Discovery covers the Confidential Discovery Materials. The parties hereto shall have the further obligation, prior to disclosing another party's

Confidential Discovery Materials to any consulting or testifying expert retained by that party, to obtain from such person a signed copy of the Acknowledgement of Stipulated Order Governing Confidentiality of Discovery attached hereto as Exhibit A and thereby such person's consent to become subject to and bound by this Stipulated Order Governing Confidentiality of Discovery. Each signed Acknowledgement of Stipulated Order Governing Confidentiality of Discovery shall be retained by the party obtaining it. Disclosure of a Designating Party's own Confidential Discovery Materials to Qualified Persons shall not constitute a waiver of confidentiality, provided confidentiality is otherwise claimed in accordance with this Stipulated Order Governing Confidentiality of Discovery.

       5.      <u>Designation by Providing Party</u>.  All Discovery Materials, except as provided in Paragraph 6 or otherwise designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," produced by any party in this Action are deemed to be "CONFIDENTIAL" materials as set forth in Paragraph (B)(2) of this Stipulated Order Governing Confidentiality of Discovery for ten (10) calendar days from the date of production (the "Initial Confidential Period").  To designate any of the Discovery Materials as Confidential Discovery Materials beyond the Initial Confidential Period, the Providing Party must:  (i) at the time of production conspicuously display the confidentiality designation, as provided below, or (ii) within ten (10) business days of their original production, notify in writing (the "Notice") all other parties of such designation and provide, at the Providing Party's expense, replacement copies ("Replacement Copies") bearing the confidentiality designation as provided herein.  The confidentiality designation, to be effective, shall be made by affixing to the matter to be so designated in a conspicuous manner, but not so to obscure the content, the word "CONFIDENTIAL" or the phrase "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The parties shall designate only such portion of any matter which

in good faith is necessary to protect their legitimate privacy and confidentiality interests. Designation of less than the entire item must be clear and conspicuous. In the case of multi-page documents, if the first page of the document bears a confidential designation, such designation shall apply to the entire document unless otherwise agreed by the parties. Designation of any information produced in electronic form shall be designated by marking the media on which such data is produced, and such designation shall relate to all data contained on that media. Any notice must be given in a manner permitted by the Federal Rules of Civil Procedure for the service of pleadings or motions other than ECF filing. Replacement Copies bearing the appropriate designation of confidentiality shall be provided in the same format as the original production, unless otherwise agreed by the parties. The burden of showing the date and time of service of the Notice and Replacement Copies shall be on the Providing Party. Permitting inspection of Discovery Materials prior to copying shall not constitute a waiver of confidentiality, provided such confidentiality is otherwise claimed in accordance with this Order.

6.  <u>Materials Subject to Other Confidentiality Agreements</u>. If a party has within its possession, custody, or control, any document, material, item, thing, or information of a nonparty that is responsive to a discovery request but also subject to a non-disclosure or confidentiality agreement between the Providing Party and the nonparty, the Providing Party shall disclose to the Requesting Party that it is in possession of the requested material, but it shall not be required to provide the Requesting Party with said material until and unless arrangements have been made with the nonparty to protect and maintain the confidentiality of said material.

7.  <u>Use of Materials by Providing Party Unaffected</u>. This Agreement has no effect upon, and shall not apply to, a Party's use of its own information or materials. Nothing herein

shall prevent a party from disclosing its own information to officers, directors, employees, agents, parent companies, investors, or advisors, including investment bankers or accountants.

8. <u>Designation of Testimony and Certain Proceedings</u>. All depositions, other recorded testimony and other proceedings in this Action (other than a written motion or trial testimony), unless otherwise designated, are deemed to be "CONFIDENTIAL," as set forth in Paragraph (B)(2) of this Stipulated Order Governing Confidentiality of Discovery for ten (10) business days following the date of the delivery of the written record thereof (the "Confidential Period"). To designate part or all of deposition or other recorded testimony or part or all of any other proceeding in this Action (other than a written motion or trial testimony) as Confidential Discovery Materials beyond the Confidential Period, the Designating Party must do so at the time the testimony is offered or proceeding conducted or by providing written Notice of such designation to all other parties within ten (10) business days of the delivery of the written record of such testimony or proceeding. Such Notice must be given in a manner permitted by the Federal Rules of Civil Procedure for service of pleadings or motions.

9. <u>Filing of Confidential Discovery Materials</u>. All documents to be filed with the Court constituting or containing Confidential Discovery Materials shall be submitted in hard copy only and labeled "File Under Seal" as required by Individual Rule 1(G) of Judge Roslynn R. Mauskopf. The non-confidential portions of such documents (i.e., redacted versions) shall be filed via ECF as normally required. Within ten (10) business days after any document constituting or containing Confidential Discovery Materials is submitted to the Court as set forth above, the Designating Party shall have the burden to file a motion seeking an Order from the Court providing that the document shall remain filed under seal ("Sealing Motion") after conferring with the Requesting Party. If the Designating Party fails to timely file a Sealing Motion, the party that filed

the document constituting or containing Confidential Discovery Materials with the Court shall file it via ECF as normally required.  If the Designating Party timely files an opposed Sealing Motion, the Requesting Party shall have ten (10) business days to file a response to the Sealing Motion and the Designating Party shall have five (5) business days to file a reply.  The document constituting or containing Confidential Discovery Materials filed under seal shall remain sealed unless and until the Court enters an order unsealing them.

      10.      Duty of Parties Offering Confidential Discovery Materials.  Any party offering or using any Confidential Discovery Materials shall ensure that such matters bear the confidential designation.

      11.      Trial and Hearings.  The submission of Confidential Discovery Materials at trial or hearings shall be determined by the Court as may be proper under law and in equity, although the right to object to such determination shall be preserved.  The use of any Confidential Discovery Materials at trial or hearings shall not result in such information losing its status as Confidential Discovery Materials.

      12.      Challenge to Designation.  Acceptance by a party of any Confidential Discovery Materials shall not constitute a concession that such Confidential Discovery Materials comprises confidential information, or is otherwise confidential or proprietary to the Providing Party.  A party shall not be obligated to challenge the propriety of a designation as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  If a party designates any materials as Confidential Discovery Materials which any other party contends should not be so designated, the objecting party shall identify those materials in writing to counsel and attempt to resolve such dispute in good faith.  Counsel for the objecting party shall then file a motion disputing the confidential

designation if the parties cannot reach an agreement with regard to the dispute.  In addition, a party can dispute the confidential designation of filed documents by opposing a sealing motion.  In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality.  Until the dispute is resolved, the matter in dispute shall be treated as Confidential Discovery Materials.

13. <u>Inadvertent Disclosure</u>.  In the event that any person or party inadvertently discloses Confidential Discovery Materials to a person who is not authorized to receive same as set forth in Paragraphs (B)(2) and (B)(3), the disclosure must be reported in writing as soon as practicable to the Providing Party.  In that event, the disclosing party shall make all reasonable efforts to retrieve the Confidential Discovery Materials and any documents containing such Confidential Discovery Materials and to obtain the agreement of all persons to whom disclosure of the information may have been made to treat the information as confidential and subject to this Stipulated Order Governing Confidentiality of Discovery.  The Providing Party may seek other relief from the Court that may be appropriate under the circumstances.  The inadvertent or unintended disclosure pursuant to discovery in this Action of information that the Providing Party had intended to designate as confidential information, shall not be deemed a waiver, in whole or in part, of a claim of protected treatment under this Stipulated Order Governing Confidentiality of Discovery as to the specific information or documents inadvertently disclosed, or more generally.  Upon such discovery of an inadvertent production of confidential information, if requested, the Providing Party shall provide the other parties with replacement copies of such information or documents marked as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY;" otherwise, the party in possession of the inadvertently produced confidential information shall mark the originals and copies of such information or documents "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY." Inadvertent production of any material that a Providing Party later claims in good faith should not have been produced because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine, will not waive any privilege. Any such materials shall promptly be returned or deleted promptly upon request of the Providing Party. The party in possession of any such materials shall not review the privileged materials after receiving a request for return of the materials from the Providing Party. The party returning such materials may move the Court for an order compelling production of the material, but said party shall not assert as a ground for entering such an order the fact or circumstance of inadvertent production.

14. <u>Return, Disposal and Retention of Confidential Discovery Materials</u>. The Providing Party and Designating Party may retain all Confidential Discovery Materials it has designated pursuant to the Stipulated Order Governing Confidentiality of Discovery. All other Confidential Discovery Materials must be returned to the Providing Party within sixty (60) days after a final adjudication on the merits in this Action (including any appeals or the time for such appeals having expired) or the Requesting Party must confirm in writing that such materials have been destroyed. If any Confidential Discovery Materials are retained, this Stipulated Order Governing Confidentiality of Discovery remains in effect until such time that the Confidential Discovery Materials are destroyed or returned. If there are cross-designations of confidentiality concerning the same Discovery Materials, then the cross-designating parties shall work together in good faith to determine which party or parties should retain or destroy the documents. Nothing herein shall require any party to disclose or destroy privileged matters or work product of counsel or retained consultants.

15. <u>No Waiver</u>. The failure of any party hereto to enforce at any time any provision of this Stipulated Order Governing Confidentiality of Discovery shall not be construed as a waiver of

such provision, nor be construed in any way to affect the validity of this Stipulated Order Governing Confidentiality of Discovery or any part hereof or the right of any party thereafter to enforce each and every such provision. No waiver of any breach of this Stipulated Order Governing Confidentiality of Discovery shall be held to constitute a waiver of any other breach.

16. <u>Effect of Order and Relief</u>. The confidential status accorded any Confidential Discovery Materials in this Action pursuant to this Stipulated Order Governing Confidentiality of Discovery shall remain in effect until further order of this Court. Nothing herein shall be deemed to expand, retract or otherwise effect any claim of privilege or the waiver thereof. This Stipulated Order Governing Confidentiality of Discovery is without prejudice to the right of any party to seek relief from the Court from any of the provisions herein. The terms of this Stipulated Order Governing Confidentiality of Discovery shall survive final disposition of this Action.

17. <u>Subpoena</u>. In the event that any Qualified Person identified in Paragraphs (B)(2) or (B)(3) hereof receives a subpoena, legal process or court order seeking disclosure of any Confidential Discovery Materials, such Qualified Person shall provide immediate notice thereof to the Designating Party in a manner reasonably calculated to provide the Designating Party the opportunity to protect the confidentiality of the matter involved. The Qualified Person shall take reasonable and lawful actions to preserve the confidentiality of the matters at issue which may include, among other things, obtaining a lawful extension of time in which to respond to such subpoena, legal process or court order to permit the Designating Party a reasonable opportunity to protect the confidentiality of such matters. If, after receiving proper notice, the Designating Party fails to act, any Qualified Person identified in Paragraph (B)(2) or (B)(3) may produce the Confidential Discovery Materials as required.

18.     <u>Additional Parties</u>.  Any party added to this Action after the date hereof shall be bound by the terms of this Stipulated Order Governing Confidentiality of Discovery.

19.     <u>Withdrawal of Counsel</u>.  If counsel for a Requesting Party withdraws from this matter before final disposition of this Action, the withdrawing counsel will transfer all Confidential Discovery Materials in its possession, including all copies thereof, to substitute counsel and shall certify same to the Providing Party and/or Designating Party, in writing.  If no substitute counsel is named, withdrawing counsel shall return to the Providing Party all materials marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall ensure that any materials so marked are not received or reviewed by any party or person not authorized to receive or review the materials under this Stipulated Order Governing Confidentiality of Discovery.  Nothing herein shall require the withdrawing counsel to turn over or disclose privileged matters or work product of counsel or retained consultants.

20.     <u>Other Rights Not Affected</u>.  This Stipulated Order Governing Confidentiality of Discovery and actions taken pursuant to this Stipulated Order Governing Confidentiality of Discovery shall not:

   a)    Constitute or operate as an admission by any party that any particular document, material, testimony, or thing does or does not contain, reflect, or constitute a trade secret or any other type of confidential information;

   b)    Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be confidential;

   c)    Prejudice in any way the rights of any party to object to the relevance, authenticity, or admissibility of any document, materials, testimony, or things subject to this Stipulated Order Governing Confidentiality of Discovery, or otherwise constitute or operate as admission by any party that any particular document, material, testimony, or thing is or is not relevant, authentic, or admissible;

   d)    Prejudice in any way the rights of a party to seek a determination by the Court whether any materials designated as Confidential Discovery Materials should be

        subject to the terms of this Stipulated Order Governing Confidentiality of Discovery;

   e)    Prejudice in any way the rights of a party to petition the Court for an additional protective order; and

   f)    Prevent the parties to this Stipulated Order Governing Confidentiality of Discovery from agreeing, in writing, to alter or waive the provisions or protections provided herein with respect to any particular Confidential Discovery Materials.

21.   <u>Modification and Court's Jurisdiction</u>.  This Stipulated Order Governing Confidentiality of Discovery and its terms may be modified by any subsequent Stipulated Order Governing Confidentiality of Discovery to which the parties have agreed and/or which is entered by this Court.  The Court shall retain jurisdiction over any claims of violation of this Stipulated Order Governing Confidentiality of Discovery.

22.   <u>Personally Identifiable Information</u>.  The parties agree that if responsive documents or information contain social security numbers, taxpayer identification information or other similar information, the Providing Party may redact such information or remove it electronically from the documents or information.

**IT IS SO STIPULATED,** through Counsel of Record.

| | |
|---|---|
| DATED: August 1, 2017 | Respectfully submitted, |
| | /s/ *Roger L. Mandel*  <br>Roger L. Mandel <br>Texas Bar No. 12891750 <br>rlm@lhlaw.net <br>Bruce E. Bagelman <br>Texas Bar No. 01509700 <br>beb@lhlaw.net |
| | LACKEY HERSHMAN, L.L.P. <br>3102 Oak Lawn Avenue, Suite 777 <br>Dallas, Texas 75219-4259 <br>Telephone:   (214) 560-2201 <br>Telecopier:   (214) 560-2203 |
| | -and- |

                                      Kieran M. Corcoran
                                      New York Bar No. 2699015
kmc@lhlaw.net

LACKEY HERSHMAN, L.L.P.
1325 Avenue of the Americas
27th Floor
New York, NY  10019
(t) (212) 763-8491
(f) (212) 763-8304

-and-

Eric Zukoski
Texas Bar No. 24010509
ezukoski@qslwm.com
Jim Birch
Texas Bar No. 00797991
jbirch@qslwm.com
QUILLING, SELANDER, LOWNDS, WINSLETT AND MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (facsimile)

*Attorneys for Plaintiffs*

DATED: August 1, 2017                      Respectfully submitted,

                                        */s/ Jared O. Freedman*
                                        Jared O. Freedman (pro hac vice)
jfreedman@jenner.com
**JENNER & BLOCK LLP**
1099 New York Avenue N.W.
Suite 900
Washington, D.C. 20001
Phone: 202-639-6000
Fax: 202-661-4846

*Attorneys for Defendants*

**STIPULATED ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY – Page 15**

## ATTESTATION

I hereby attest that each of the other signatories concurs in the filing of this document.

DATED: August 1, 2017

Respectfully submitted,

/s/ *Roger L. Mandel*
Roger L. Mandel
Texas Bar No. 12891750
rlm@lhlaw.net
Bruce E. Bagelman
Texas Bar No. 01509700
beb@lhlaw.net

LACKEY HERSHMAN, L.L.P.
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone:   (214) 560-2201
Telecopier:   (214) 560-2203

*Attorneys for Plaintiffs*

**IT IS SO ORDERED** that the foregoing Stipulated Order Governing Confidentiality of Discovery is approved.

DATED: August ____, 2017

_____
HON. ROBERT LEVY
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGEMENT OF AGREED CONFIDENTIALITY ORDER

I, _____, do hereby certify that:

I have been provided with a copy of the Stipulated Order Governing Confidentiality of Discovery (the "Order") in the action captioned *Jon Blondell, et al., Individually, and on Behalf of All Others Similarly Situated v. Bruce Bouton, et al.* (Civ. No. 1:17-cv-00372 RRM-RML, pending in the United States District Court, Eastern District of New York, Brooklyn Division;

I have reviewed said Order and understand its terms;

I agree to be bound by the terms and conditions set forth in the Order,

Executed on this _____ of _____, _____.
                                 day           month       year

Signature: _____

Print Name: _____

Company: _____

Title: _____